UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KIVON D. REDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-cv-70-RLY-WGH |
| | ) | |
| THE CITY OF EVANSVILLE, INDIANA, | ) | |
| MICHAEL R. WARD, JOHN PIESCHALSKI, and | ) | |
| BRAD HILL, OR HIS SUCCESSOR IN OFFICE, | ) | |
| AS THE CHIEF OF POLICE OF THE | ) | |
| CITY OF EVANSVILLE, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING, IN PART, THE DEFENDANTS'
MOTION TO RECONSIDER THE COURT'S
MARGINAL ENTRY FROM MARCH 6, 2014**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Defendants' Motion to Reconsider the Court's Marginal Entry from March 6, 2014, filed March 12, 2014. (Dkt. 59.) No response has been filed by Plaintiff.

The Magistrate Judge, being duly advised, hereby **GRANTS, in part,** the Motion to Reconsider. Officer Ward's Use of Force Report, CE 1043-1047 (Item 5) may be filed under seal. However, a copy of that report redacting the names of the individuals involved, particularly juvenile offenders, must be filed along with the sealed document.

In addition, Defendants' request that this Court permit Defendants to broaden the redacted portions of those items found in the internal affairs

investigation to include identifying references to Evansville Police Department personnel is also **GRANTED**.

It should be noted that the Magistrate Judge's marginal order of March 6, 2014, did allow Defendants to file redacted versions of certain materials. This redaction may be done in a manner necessary to protect the identity of persons giving the information in confidence. Defendants are therefore given some leeway in terms of determining for the redacted versions <u>what</u> information might serve to identify the person who gave the information in confidence to the internal affairs investigation.

In all other respects, the Motion to Reconsider is **DENIED**. The Magistrate Judge has reviewed the case cited by Defendants, entitled *U.S. v. Amodeo*, 44 F.3d 141 (2nd Cir. 1995). That case is from another circuit and is quite old. However, even following the analysis found in that case, this Magistrate Judge finds insufficient grounds to maintain information under seal. Specifically, in this case, there are no trade secrets at issue; nor are there privacy or reputation concerns for victims of crimes; there are no national security interests; the presentation of redacted versions does minimize danger of an unfair trial by adverse publicity. Furthermore, the law enforcement privilege does not apply here because there is not an ongoing investigation with respect to the matters at issue in this Complaint. This case involves the use of pepperballs, which is a commonly known and used law enforcement technique or procedure that is not entitled to protection from public inquiry. There are no ongoing confidential

sources, witnesses, or law enforcement personnel who are entitled to unique privacy during the scope of the investigation of the incident itself.

The Seventh Circuit addressed issues concerning public access to documents which the parties have obtained during the discovery process in *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). The Seventh Circuit discussion begins with the language, "It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view. . . ." *Id.* at 1073. Citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), *Bond* holds that the public's right of access is limited to traditionally publicly available sources of information and that "'discovered, but not yet admitted, information' is not 'a traditionally public source of information.'" *Id.* at 1074. Later, the Seventh Circuit discusses why "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." *Id.* That discussion ends with the language, "We have said that '[s]ecrecy is fine at the discovery stage, before the material enters the judicial record.'" *Id.* at 1075 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

Thereafter, the Seventh Circuit states that the rights of the public "kick in" when materials produced during discovery are filed with the court. Specifically, the Court says:

> At this point, the documents have been "used in [a court] proceeding," Fed. R. Civ. P. 5(d), and consequently the possibility exists that they could "influence or underpin the judicial decision" and they are therefore presumptively "open to public inspection

3

unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality."

*Id.* (citing *Baxter Int'l.*, 297 F.3d at 545, and *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (footnote omitted).

Protective orders issued in this case and in most others allow the parties to determine for themselves during the discovery period whether certain items are trade secrets or confidential information without any judicial review of that decision whatsoever. It is not possible or practical for judicial officers – who are faced with motions to seal oftentimes voluminous documents in support of motions – to screen each and every document to determine whether the parties have a good faith basis for believing that the discovery materials do in fact contain proprietary information or trade secrets that warrant protection from the public. Therefore, motions for leave to file documents under seal are generally liberally granted.

However, the parties' request that these materials be maintained under seal cannot be granted merely because the parties wish them to be kept confidential. It is clear that a judicial official cannot render an opinion on a motion under seal; neither should a judge render an opinion that some particular motion is granted or denied "for reasons that the parties and the Judge don't wish anyone else to know about." Therefore, in this case, the Magistrate Judge will not issue an order that <u>maintains</u> any document filed under seal after a decision on the motion is reached. If necessary to explain the outcome of a given motion, judicial reference may indeed need to be made to specific documents and specific language in those documents. In most cases, once an opinion is docketed on the merits of a

particular motion, the Magistrate Judge believes it is prudent that the underlying briefs be unsealed so that public scrutiny of the propriety of the judicial determination is available to anyone who is interested in the fairness and efficiency of the court system as a whole. The exposure to the public of matters the parties would prefer to remain private is the price that is paid for the use of a public dispute resolution mechanism.

Therefore, the Motion to Reconsider (Dkt. 59) is **GRANTED in part** and **DENIED in part**. The documents tendered to the Court may be filed under seal. However, the Court does not grant the motion to maintain the documents under seal once a judicial ruling has occurred.

**SO ORDERED** the 9th day of April, 2014.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**