# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

KIVON D. REDD,

        Plaintiff,

v.

THE CITY OF EVANSVILLE, INDIANA,
MICHAEL R. WARD, JOHN PIESZCHALSKI,
AND BRAD HILL, OR HIS SUCCESSOR
IN OFFICE, AS THE CHIEF OF POLICE
OF THE CITY OF EVANSVILLE, INDIANA,

        Defendants.

**Cause No. 3:12-cv-70 RLY-WGH**

## <u>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE</u>

Come now Defendants, Michael R. Ward and John Pieszchalski ("Defendants"), by counsel, and prior to the selection of the jury in this cause, move the Court in limine to instruct the parties, and the parties' counsel individually, to preclude them from eliciting any statement referring to, interrogation about, evidence on and any information of any nature relating to the following:

## BACKGROUND

This matter arises from an incident that occurred on May 29, 2010. Plaintiff, Kivon D. Redd ("Redd" or "Plaintiff"), has alleged that Michael Ward ("Officer Ward") and John Pieszchalski ("Officer Pieszchalski"), officers with the Evansville Police Department ("EPD"), used excessive force, committed battery, and placed Plaintiff under false arrest and imprisonment, thereby violating Plaintiff's constitutional rights under 42 U.S.C. § 1983, when they arrested Plaintiff for disorderly conduct and resisting law enforcement on May 29, 2010. These claims include allegations against Officer Ward for Plaintiff's arrest, and for Officer

Ward's his use of pepper spray on May 29, 2010, and against Officer Pieszchalski for his actions in detaining the Plaintiff on May 29, 2010. Plaintiff also brought *Monell* claims against Chief Brad Hill, in his official capacity, and the EPD, alleging they failed to implement policies, customs, or practices within the EPD that protected Plaintiff's constitutional rights, and that the City of Evansville ("City") established policies that authorized the EPD's use of excessive force and/or unreasonable searches and seizures that violate 42 U.S.C. § 1983, and are indifferent to Plaintiff's constitutional rights. Plaintiff also alleged state-law claims against Defendants for false imprisonment, battery, and false arrest.

The Defendants filed an Amended Motion for Summary Judgment on each of Plaintiff's claims. On May 30, 2014, this Court entered its Entry on Defendants' Amended Motion for Summary Judgment. [Docket No. 92]. The Court granted Defendants' motion for summary judgment on the following claims: (1) Plaintiff's Section 1983 excessive force and state battery claims against Officer Ward for his use of pepper spray; and (2) Plaintiff's Section 1983 *Monell* claims against the City of Evansville, the EPD, and Chief Hill. The Court denied summary judgment on the remaining claims.

Based on this Court's Entry, the following claims remain for trial in this matter: (1) Plaintiff's Section 1983 false arrest claim against Officer Ward; (2) Plaintiff's state law false arrest and false imprisonment claims against Officer Ward; (3) Plaintiff's Section 1983 excessive force claim against Officer Pieszchalski; and (4) Plaintiff's state law battery claim against Officer Pieszchalski.

**STANDARD**

"A motion in limine is a request for guidance by the court regarding an evidentiary question." Wilson v. Williams, 182 F.3d 562, 570 (7th Cir. 1999). They are designed to avoid

the delay and prejudice associated with objections and offers of proof at trial.  <u>Id.</u> at 566.

"Federal district courts have the power to exclude evidence *in limine* pursuant to their authority

to manage trials."  <u>Charles v. Cotter</u>, 867 F.Supp. 648, 655 (N.D. Ill. 1994).

The court has broad discretion to rule on evidentiary questions raised in motions in

*limine*. <u>Jenkins v. Chrysler Motors Corp.</u>, 316 F.3d 663, 664 (7th Cir. 2002). Nevertheless, a

court should grant a motion in *limine* excluding evidence only when the movant shows that the

evidence is not admissible for any purpose. *See* <u>Hawthorne Partners v. AT & T Technologies,</u>

<u>Inc.</u>, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Unless evidence meets this exacting standard,

evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and

prejudice may be resolved in context. <u>Id.</u>  Moreover, denial of a motion in limine does not

necessarily mean that all evidence contemplated by the motion is admissible; rather, it only

means that, at the pretrial stage, the Court is unable to determine whether the evidence should be

excluded. <u>Id.</u> at 1401.

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence

having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probably than it would be without the

evidence."   Even if evidence is relevant, it may still be excluded under Rule 403 of the Federal

Rules of Evidence if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 401.

## 1.  Evidence of Liability Insurance

Federal Rule of Evidence 411 reads as follows:

> Evidence that a person was or was not insured against liability is
> not admissible to prove whether the person acted negligently or

> otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Pursuant to Rule 411, the jury in this action should not receive information of insurance coverage applicable to the Defendants. *See* <u>Townsend v. Benya</u>, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003). Such information is irrelevant to the claims being litigated before this Court and is, thus, irrelevant and inadmissible under Federal Evidence Rule 402.

Further, the prejudicial effect of directing the jury's attention to the fact that the financial burden of its verdict may be borne by an insurance company substantially outweighs any possible probative value of the information. Therefore, the challenged evidence is inadmissible under Federal Evidence Rule 403.

Accordingly, the information presented to the jury should be limited to admissible evidence that is necessary to prove—or disprove—liability of the parties and damages due Plaintiff, if any. Evidence, argument, or inference that Defendants have insurance coverage would be unduly prejudicial. *See* Fed. Evid. R. 403.

**2. Any Settlement or Compromise Negotiations or Lack Thereof, Between the Defendants and Plaintiff.**

Pursuant to Federal Evidence Rule 408, and other applicable law, the jury in this action should not receive information of any settlement negotiations or discussions between the parties. Such evidence is not relevant to claims being tried. In any event, the prejudicial effect of directing the jury's attention to evidence that certain defendants may have offered a settlement to resolve the claims made by Plaintiff substantially outweighs any possible probative value of the information. *See* Fed. R. Evid. 403.

Federal Evidence Rule 408 provides, in relevant part:

(a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

　　(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

　　(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Id.

Any settlement negotiations or discussions between the parties are not, in any way, probative of liability or damages in this action. Instead, the admission of such evidence would confuse and mislead the jury from the "real" issues presented. The information given to the jury should be limited to admissible evidence that is necessary to prove—or disprove—liability and damages. Evidence, argument, or inference that Defendants offered to settle the matter prior to trial would be unduly prejudicial. *See* Fed. Evid. R. 403.

**3. Evidence Not Disclosed in Discovery**

Pursuant to Federal Rules of Civil Procedure 26(e)(1) and 37(c)(1), this Court should exclude any evidence or witnesses not timely produced and/or disclosed. Federal Rule of Civil Procedure 26(e)(1) requires a party who has responded to an interrogatory, request for production, or request for admissions, to supplement its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process," in writing, or as ordered by the Court. Id. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, the sanction of preclusion is "automatic and mandatory" unless the party can show that the failure to disclose was "either substantially justified or harmless." *See* <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998).

Here, any new discovery at this point would prejudice Defendants or unfairly delay and lengthen the trial. Defendants, therefore, move the court *in limine* for an Order precluding Plaintiff from offering any evidence that was not timely produced in discovery. In addition to being mandatory under the Federal Rules of Civil Procedure, such an Order is necessary to prevent unfair prejudice to Defendants.

**4. Testimony By Undisclosed Experts**

Defendants move the Court, in *limine*, for an Order barring any evidence of, or reference to, experts and their testimony and opinions not previously disclosed by Plaintiff to Defendants through discovery, their Witness and Exhibit Lists, or in any other manner. If experts not previously disclosed are allowed to testify and their testimony and opinions are admitted, the Defendants would suffer unfair prejudice. Additionally, the Defendants would need to offer rebuttal evidence regarding the expert testimony resulting in undue delay.

**5. References to Motions in Limine**

These Motions in Limine and the Court's Orders as to the same are not relevant to the jury's disposition of the matter at hand and should be excluded in accordance with Federal Rule of Evidence 402. Pursuant to Federal Rule of Evidence 401, "relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

Assuming *arguendo* that such motions would be relevant to the jury's determination of liability and damages in this matter, such evidence may be excluded under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. References to motions previously filed, and the Court's rulings thereon, might only serve to inflame the jury and create prejudice. References to previous motions would only serve to peak curiosity, at the very least, and spawn prejudice that may not be easily cured by a limiting instruction from the Court. The arguments presented by counsel on these motions are not evidence. The jury must only consider the facts as presented by the parties and the law as presented by the Court.

**6. Limitation of Expert Testimony**

Defendants move the Court to preclude all experts in this case from extending their testimony and opinions beyond those timely disclosed in their Federal Rule of Civil Procedure 26(a)(2)(B) reports. When an expert witness's testimony exceeds the scope of the opinion set forth in his or her Rule 26(a)(2)(B) report, it is appropriate for this Court to strike the portion of the expert's testimony that exceeds the opinions and grounds stated in the report.

Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37. Accordingly, the Federal Rules do not permit an expert in direct examination to rely upon more than what he or she has disclosed in the Rule 26(a)(2)(B) report. *See, e.g.*, Atmel Corp. v. Information Storage Devices, Inc., 189 F.R.D. 410, 416 (N.D. Cal. 1999) ("To

allow now [the expert] to testify on direct examination to matters deliberately ignored in his Rule 26(a)(2)(B) report would simply encourage litigants to evade the expert-disclosure rules.").

Expert reports must be "detailed and complete" because their purpose is "to avoid the disclosure of 'sketchy and vague' expert information." *See* <u>Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.</u>, 73 F.3d 546, 571 (7th Cir. 1996), *cert. denied* 519 U.S. 811 (1996). When experts fail to disclose the basis for their opinions and "then springs the opinion and its basis on opposing counsel on the eve of trial," a district court may exclude the expert's testimony. See <u>Graziani v. Star C. Trucking, Inc.</u>, 1996 WL 79975 at *9-10 (E.D. Pa. 1996) (excluding expert's testimony as untimely and, further, because the opposing party had no warning that the expert would testify about specific video), *affirmed by* 103 F.3d 112 (3d Cir. 1996); *see also* <u>Sierra Club</u>, 73 F.3d at 571-72 (noting that district courts enjoy discretion to strike experts when litigant filed only a sketchy initial report and, then, attempted to supplement after the deadline had passed).

Here, any expert opinions or reports disclosed after the pertinent deadlines should be excluded, as they would prejudice Defendants or unfairly delay and lengthen the trial. Defendants, therefore, move the court *in limine* for an Order precluding Plaintiff from offering any expert evidence (testimony or opinions) that was not timely produced in discovery. Such an Order is necessary to prevent unfair prejudice to Defendants.

### 7. References to Disposition of Criminal Charges

Defendants move the Court in *limine*, pursuant to Federal Rule of Evidence 402, to bar any evidence of or reference to disposition of the criminal charges brought against Plaintiff arising out of his arrest in this case. The disposition of the criminal matter is not relevant in this matter. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The disposition of Plaintiff's criminal matter is not relevant to whether the Defendants had probable cause to arrest the Plaintiff. The disposition of the underlying criminal charges has no bearing on the jury's assessment of whether Officer Ward reasonably believed he had probable cause to arrest the Plaintiff. *See* Ochana v. Flores, 347 F.3d 266, 272 (7th Cir. 2003).

Even assuming evidence of the disposition of the criminal matter is relevant, it should be barred pursuant to Federal Rule of Evidence 403, which permits exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [and] misleading the jury . . . ." Fed. R. Evid. 403. Here, the probative value of any evidence of the disposition of Plaintiff's criminal matter is substantially outweighed by the risk of unfair prejudice, confusion of the issues in this matter, and/or misleading the jury. The standard for a conviction, or proceeding with a trial in a criminal matter, is completely separate and distinct from the standard imposed on officers in making an arrest. Namely, the officers must only have probable cause at the time of the arrest; or a reasonable belief that the Plaintiff had committed or was committing a crime. Allowing evidence of the outcome of the criminal matter will only serve to confuse and mislead the jury as to the standard the officers must show in this matter for arresting the Plaintiff.

## 8. Any Statements or Commentary from the Judge Presiding Over the Criminal Trial

Defendants move the Court to bar any evidence of or testimony regarding any statements or commentary made by the judge presiding over Plaintiff's criminal trial. As discussed in Defendants' Motion in Limine No. 7, the disposition of the criminal matter is not relevant to the issues in this trial. Further, any statements or commentary by the judge presiding over the

criminal matter would be irrelevant in addressing whether Officer Ward reasonably believed he had probable cause to arrest the Plaintiff, or whether Officer Pieszchalski used excessive force against the Plaintiff.

Even assuming statements or commentary from the judge presiding over the criminal matter were relevant in this matter, they should nevertheless be barred because the probative value of the statements is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. Finally, any statements or commentary from the judge presiding over the criminal trial would constitute inadmissible hearsay in this matter.

### 9.  Reference to Any Medical Condition other than Subjective Symptoms

Defendants move the Court to bar testimony by Plaintiff, or anyone else, regarding any medical condition, causation, diagnosis, or prognosis, resulting from the May 29, 2010, incident. Testimony regarding anything other than subjective symptoms may only be given by an expert witness. Plaintiff in this matter has failed to disclose or identify any expert witnesses relating to any alleged medical condition or diagnosis pursuant to Federal Rule of Civil Procedure 26(a)(2). As a result, any testimony regarding Plaintiff's medical condition other than his subjective symptoms should be barred in this matter.

### 10.  Testimony by Any Witness as to the Reasonableness or Unreasonableness of the Force Used by Defendants

Defendants move the Court to exclude testimony by any witness as to the reasonableness or unreasonableness of the force used by the Defendants. Witness testimony must be limited to what they saw and heard on the day of the incident. The reasonableness or unreasonableness of Defendants' actions is the ultimate issue for resolution by the jury after hearing testimony from all of the witnesses in this matter. Further, "lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)." <u>United States v.</u>

<u>Noel</u>, 581 F.3d 490, 496 (7th Cir. 2009); *see also* <u>Ochana v. Flores</u>, 347 F.3d 266, 272 (7th Cir. 2003) (finding that reasonableness is an objective standard based on the facts of the case, not on subjective opinions).

**11. Personnel Files for Officer Ward and Officer Pieszchalski**

Defendants move the Court to exclude the personnel files for Officer Ward and Officer Pieszchalski. The content of these files is not relevant to the issues that will be before the jury in this matter; namely whether Officer Ward had probable cause to arrest Plaintiff for the incident on May 29, 2010, or whether the amount of force used by Officer Pieszchalski was reasonable under the circumstances. Accordingly, their personnel files are not relevant in this matter, and any limited relevance or probative value of the reports is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the jury. *See* Fed. R. Evid. 403.

**12. Citizen Complaints Against Officer Ward**

Defendants move the Court to exclude evidence or mention of any citizen complaints filed by other individuals against Officer Ward. This includes the following citizen complaints:

- September 7, 2008 – Complaint related to use of excessive force.

- October 3, 2009 – Complaint related to use of excessive force.

- November 1, 2009 – Complaint related to use of excessive force.

- December 22, 2010 – Complaint related to use of excessive force.

- July 1, 2011 – Complaint related to excessive use of force.

(*See* Exhibit A).[1] The Court has entered judgment in favor of Defendants' on Plaintiff's Section 1983 and state law claims against Officer Ward for his use of pepper spray. *See* Entry on

---

[1] Due to the size of the files for each complaint, only the Citizen Complaint Form and Formal Synopsis for the September 7, 2008 incident have been attached as a representative sample of

Defendants' Amended Motion for Summary Judgment [Docket No. 92]. At this time, the only remaining claims against Officer Ward are Plaintiff's Section 1983 False Arrest claim, and his state false arrest and false imprisonment claims.

First, evidence of any citizen complaints against Officer Ward are irrelevant in determining whether Officer Ward had probable cause to arrest the Plaintiff in this case. Evidence of the citizen complaints do not have any tendency to make a fact at issue in this matter more or less probable, and would be of no consequence for the jury in addressing whether Officer Ward had probable cause, or reasonably believed he had probable cause, for this arrest. *See* Fed. R. Evid. 401.

Second, the complaints constitute inadmissible prior acts pursuant to Federal Rule of Evidence 404(b). Pursuant to Rule 404(b)(1), evidence of other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The citizen complaints at issue are classic examples of "other crimes, wrongs, or acts" evidence prohibited under Rule 404(b). Here, there is no justification for introduction of the citizen complaints other than an attempt to introduce character evidence. In limited circumstances, evidence of prior acts may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 403(b)(2). However, none of these exceptions are applicable to evidence of the citizen complaints in this matter as none of the exceptions have been raised as issues in this matter. The sole issue for the jury is the objective reasonableness of Officer Ward's actions. As a result, the use of prior acts to show any underlying motivation would be irrelevant to the issue of reasonableness or probable cause.

each citizen complaint file. The full files can be made available for the judge's review if necessary.

Finally, assuming the Court finds that the citizen complaints are relevant, they should nevertheless be excluded pursuant to Rule 403 because the probative value of the citizen complaints is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

### 13. Counseling Report for Officer Ward

Included in Officer Ward's personnel file is an EPD counseling report dated September 5, 2011. (Exhibit B). The report involves an incident where Officer Ward, in his personal vehicle and in plain clothes, followed a driver that he believed was driving recklessly and was possibly intoxicated. The report included recommendations for Officer Ward about how to more appropriately handle similar situations in the future.

Defendants move the Court to exclude any evidence or mention of the counseling report or incident itself. Evidence of this incident is irrelevant in determining whether Officer Ward had probable cause to arrest the Plaintiff in this case. Second, evidence of this incident would constitute inadmissible prior acts pursuant to Federal Rule of Evidence 404(b). Finally, even if the incident and counseling report are relevant, they should nevertheless be excluded pursuant to Rule 403 because the probative value of the citizen complaints is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

### 14. Citizen Complaints Against Other Evansville Police Department Officers

Defendants move the Court to exclude any evidence or mention of citizen complaints against other officers in the Evansville Police Department. Pursuant to this Court's Entry on Defendants' Amended Motion for Summary Judgment, the Court has entered judgment in favor of the Defendants on Plaintiffs' *Monell* claims alleging: (1) the EPD's policies on crowd control are insufficient; (2) the EPD failed to provide proper training to its officers with regard to the use

of pepper spray; and (3) the EPD has a widespread and well settled practice of using pepper spray against innocent bystanders. [Docket No. 92]. Because the Court has already entered judgment on Plaintiff's *Monell* claims, evidence of citizen complaints against other EPD officers is not relevant to the remaining issues in this matter. Specifically, Plaintiffs' remaining claims are limited to his excessive force and battery claims against Officer Pieszchalski, and his false arrest and imprisonment claims against Officer Ward. Under Rule 401, citizen complaints against other officers do not have a tendency to make a fact more or less probable as to these claims, and would be of no consequence for the jury in evaluating Plaintiff's claims. Even assuming the other citizen complaints were nominally relevant, the probative value of such complaints is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the jury. *See* Fed. R. Evid. 403.

### 15. Evansville Police Department Use of Force Reports

The EPD maintains reports for incidents involving the use of force by its officers. For the same reasons discussed in Defendants' Motion in Limine No. 14, Defendants also move the Court to exclude evidence or mention of EPD use of force reports for incidents other than the one at issue in this matter. These reports would have no bearing on whether Officer Ward had probable cause to arrest Plaintiff for the incident on May 29, 2010, or whether the amount of force used by Officer Pieszchalski was reasonable under the circumstances. Accordingly, the use of force reports are not relevant in this matter, and any limited relevance or probative value of the reports is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the jury. *See* Fed. R. Evid. 403.

### 16. Reference to Any Claims or Alleged Wrongdoing by the Evansville Police Department or the City of Evansville, or Plaintiff's Excessive Force and Battery Claims Against Officer Ward

Pursuant to this Court's Entry on Defendants' Amended Motion for Summary Judgment, the Court has entered judgment in favor of the Defendants on Plaintiffs' *Monell* claims alleging: (1) the Evansville Police Department's ("EPD") policies on crowd control are insufficient; (2) EPD failed to provide proper training to its officers with regard to the use of pepper spray; and (3) EPD has a widespread and well settled practice of using pepper spray against innocent bystanders. [Docket No. 92]. The Court also entered judgment on Plaintiff's Section 1983 and state law excessive force claims against Officer Ward for his use of pepper spray. Id.

Because the Court has already entered judgment on these claims, they are not relevant to the jury's determination of the remaining claims, namely: (1) Plaintiff's Section 1983 and state law claims against Officer Ward for false arrest or imprisonment; and (2) Plaintiff's Section 1983 claim for excessive force and state battery claim against Officer Pieszchalski. Any mention or evidence of the claims raised by Plaintiff on which the Court has already entered judgment are irrelevant for a jury in addressing Plaintiff's remaining claims, would be unfairly prejudicial against the Defendants, and would pose the risk of confusing the remaining issues and misleading the jury. Accordingly, Defendants request that the Court bar any evidence of the dismissed parties or claims.

**17. Reference to Training in the use of Pepper Spray**

Several of Plaintiff's original claims dealt with Officer Ward's use of pepper spray on May 29, 2010. These claims included Section 1983 excessive force and state battery claims against Officer Ward, and *Monell* claims against the EPD and City of Evansville. However, this Court entered judgment in favor of Officer Ward, the EPD, and the City of Evansville, on each of Plaintiff's claims involving Officer Ward's use of pepper spray. [Docket No. 92]. Accordingly, any evidence of Officer Ward's training in the use of pepper spray, or the training

of any EPD officers in the use of pepper spray, is not relevant to Plaintiff's remaining claims, and has no probative value in this matter. Further, evidence of pepper spray training would only serve to confuse the jury because none of the remaining claims deal with the use of pepper spray.

### 18. Existence of Other Claims

As a result of the incident on May 29, 2010, Alordo Bell and Michael Flemming also filed claims against the Defendants, the EPD, the City of Evansville, and several other officers. [Cause No. 3:12-cv-72-RLY-WGH]. Defendants now request that the Court bar any evidence or testimony that Alordo Bell or Michael Flemming filed claims related to the May 29, 2010 incident. The existence of claims filed by other individuals related to the May 29, 2010 incident are not relevant in evaluating whether Officer Ward had probable cause to detain and arrest the Plaintiff, or whether Officer Pieszchalski's used excessive force against the Plaintiff. The existence of the other claims has no probative value in this matter, and any probative value would be greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of this issues at trial in this matter.

### 19. Settlement or Dismissal of Other Claims

The Defendants eventually reached a settlement with Michael Flemming on his claim identified in Defendants' Motion in Limine No. 18, and Alordo Bell's claim was dismissed. The Defendants also request that the Court bar any evidence or testimony of Defendants' settlement with Michael Flemming for his claim from the incident on May 29, 2010, and the dismissal of Alordo Bell's claim. The settlement of Michael Flemming's claim and dismissal of Alordo Bell's claims are not relevant in evaluating whether Officer Ward had probable cause to detain and arrest the Plaintiff, or whether Officer Pieszchalski's used excessive force against the Plaintiff. The settlement of these claims has no probative value in this matter, and any probative

value would be greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of this issues at trial in this matter.

### 20. Testimony of Other Plaintiffs

The Defendants would also request that the Court limit the testimony of Alordo Bell and Michael Flemming if they are called to testify in this matter. Specifically, Defendants request that the court limit their testimony to what each witness saw or heard at the Scottish Rite or the adjacent parking lot on May 29, 2010, from the time of each witnesses' arrival at the Scottish Rite or adjacent parking lot until the time of Plaintiff's arrest. Any testimony beyond these issues is not relevant in this matter.

The Defendants request that the Court bar any evidence or testimony by Alordo Bell and Michael Flemming regarding: (1) anything they saw or observed after Plaintiff's arrest; (2) their own arrest; and (3) any actions by any EPD officer against Alordo Bell or Michal Flemming. Testimony regarding these issues is not relevant in evaluating whether Officer Ward had probable cause to detain and arrest the Plaintiff, or whether Officer Pieszchalski used excessive force against the Plaintiff. Further, the probative value of this testimony would be greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of this issues at trial in this matter.

### 21. Evidence of Other Arrests

The Defendants move the Court to bar any evidence or testimony regarding any other arrests made during the May 29, 2010 incident, other than Plaintiff's arrest. The evidence of other arrests would be irrelevant in this matter, as the circumstances and probable cause for each of the other arrests would differ from the probable cause for Plaintiff's arrest. The determination of probable cause for an arrest must be made on a case-by-case basis, and the facts surrounding

any other arrests would have no probative value in evaluating Plaintiff's claims. Further, any probative value would be greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of this issues at trial in this matter.

### 22. EPD Squad Car Communications

EPD squad cars are equipped with an internal messaging system that sends messages to all other officers on shift, similar to an "instant messaging" or email system. Officers use this system to communicate about a variety of issues. Officer Ward used the system to communicate with other officers about filling out "use of force" paperwork following the incident at issue. These internal messages took place after the incident at issue. (*See* Exhibit C).

Defendants move the Court to exclude evidence of the internal EPD squad car communications. Other than the messages indicating the use of force paperwork had been completed, no messages discuss the incident at issue. The messages that do discuss the incident at issue relate only to Officer Ward completing the use of force paperwork. All of these communications took place after the incident at the Scottish Rite, and are irrelevant for the jury in determining whether Officer Ward had probable cause to arrest the Plaintiff, and whether Officer Pieszchalski used excessive force against the Plaintiff. Further, any probative value would be greatly outweighed by the risk of unfair prejudice, misleading the jury, and confusion of this issues at trial in this matter.

### 23. Memo Following May 29, 2010 Incident

On September 15, 2010, the Evansville Police Department issued a memorandum from Captain Gary Voegel with the subject heading "Spontaneous Demonstrations and Civil Disturbances." (Exhibit D). This memorandum set forth guidelines for use by EPD officers and

supervisors when dealing with civil disturbances. Defendants move the Court to bar any evidence of the September 15, 2010 memorandum. Federal Rule of Evidence 407 states:

> When measures are taken that would have made an earlier event that caused injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. The September 15, 2010 memorandum constitutes a subsequent remedial measure. The memorandum and the guidelines included in it were not in place at the time of this incident, and were measures put into place after this incident occurred that may have made the incident at issue in this case less likely to occur. In fact, the September 15, 2010 memorandum was prepared in direct response to the May 29, 2010 incident at the Scottish Rite. (*See* emails attached as Exhibit E). Accordingly, the Defendants request that the Court enter an Order barring Plaintiff from introducing evidence of the September 15, 2010 memorandum for the purpose of showing negligence or culpable conduct.

### 24. Any Reference to Defense Counsel as "Corporation Counsel" or As City Employees

Defendants request that the Court bar any reference to Defense counsel as "corporation counsel" or reference to Defense counsel as employees or attorneys of the City of Evansville or the EPD. Allowing such evidence of testimony would serve to create confusion in the jury, and would permit the improper inference that a judgment against Defendants might be paid by the City's "deep pockets." *See e.g.* Saunders v. City of Chicago, 320 F.Supp.2d 735, 737 (N.D. Ill. 2004).

**25. Evidence or Argument Regarding Defendants' Failure to Call Witnesses**

Defendants request that the Court bar Plaintiff from making any argument regarding Defendants' failure to call any witnesses, or that Defendants are attempting to hide any evidence. Plaintiff bears the burden of proving his case, and it would be improper for Plaintiff to insinuate that Defendants are purposefully attempting to hide or withhold evidence in this matter.

**26. "Golden Rule" Arguments**

Defendants request that the Court bar Plaintiff from making any "golden rule" arguments or appeals to the jury. Courts have universally held that appeals to the jury to place themselves in Plaintiff's shoes are inappropriate "because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on evidence." United States v. Roman, 492 F.3d 803, 806 (7th Cir. 2007).

**27. Non-Party Witnesses**

Defendants request that the Court enter an Order that non-party witnesses remain outside the courtroom during opening statements and during the testimony of other witnesses.

**28. Any Reference or Inference By the Plaintiff of a Police Conspiracy or Cover-Up**

The Seventh Circuit has made clear that "an attempt to cover up police wrongdoing . . . which neither prevented the plaintiffs from pursuing relief nor reduced the value of their claim, [i]s not actionable under section 1983." Cefalu v. Village of Elk Grove, 211 F.3d 416, 423 (7th Cir. 2000). Accordingly, Defendants request that the Court enter an Order barring Plaintiff from making reference to, or inferring the existence of, any alleged conspiracy or cover-up by Defendants, the City, or the EPD.

**WHEREFORE**, the Defendants respectfully move the Court for an order granting its Motions in Limine, Numbers 1-28, as designated in the attached Order.

Respectfully submitted,

**RHINE ERNEST LLP**

By:    s/ Reed S. Schmitt
Reed S. Schmitt (2173-82)
Ted C. Ziemer IV (24018-53)
Rhine Ernest LLP
One Main Street, Suite 600
Evansville, Indiana  47708
Telephone:  (812) 759-0600
Facsimile:   (812) 759-0601
E-mail: rschmitt@rhine-ernest.com
E-mail: tziemer@rhine-ernest.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2014, a copy of the foregoing was filed electronically, Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Kyle F. Biesecker
BIESECKER, DUTKANYCH & MACER, LLC
kfb@bdlegal.com

B. Michael Macer
BIESECKER, DUTKANYCH & MACER, LLC
mm@bdlegal.com

Andrew Dutkanych III
BIESECKER, DUTKANYCH & MACER, LLC
ad@bdlegal.com

s/ Reed S. Schmitt
Reed S. Schmitt

V:\00 C-D\City of Evansville 2-026-12-\4 - Kivon Redd v. City of Evansville, et al\Trial Prep\FINAL - Brief in Support of MIL.docx

21